## Lorenzo D. Herrick *v.* The Orange County Bank.

### *Relief at law. Parties to a writ of audita querela.*

The fact that one of several judgment debtors, whose individual property is levied upon, signed the note, upon which the judgment was obtained, merely as a surety, and that the property of the principals, who have since become insolvent, was attached upon the original writ, but had been released by the neglect of the creditor to take it in execution, affords no ground for relief at law.

All the parties to a judgment or execution sought to be vacated, should be made parties to a writ of *audita querela* brought for that purpose.

Audita Querela. The complainant alleged that the defendants, " by the consideration of the county court, begun and holden " at Chelsea, in and for the county of Orange, on the third Tues- " day in January, A. D. 1853, recovered judgment against Edward " Hobart, Gilman A. DuBois, Harvey Lamson and the said com- " plainant, for the sum of two thousand six hundred and ninety- " seven dollars and eighty-eight cents, and for the sum of twenty- " four dollars and ninety-two cents costs of suit,—for which execu- " tion was duly issued, on the fifth day of February, A. D. 1853 ;— " and that the said Hobart, Dubois and Lamson were principals in " the note upon which said judgment was predicated, and that the " complainant was but a surety, and had no interest in the same, " except his liability on said note, by reason of his so signing the " same ;—and that in making service of the writ, in the suit in which " said judgment was rendered, the property of the said Lamson was " attached, to a large amount, and more than sufficient to satisfy " this execution, which is now released and discharged from the " lien created by such attachment, by reason of the neglect of the

" said bank to cause said execution to be extended and levied on
" the same, within the time required by the statute, with a view of
" favoring the said Lamson and of injuring the complainant, as the
" complainant believes;—and that said Lamson has now in his hands
" no attachable estate, and pretends to be insolvent;—that after the
" expiration of a year and a day, to wit., on the —— day of ———
" A. D. 1854, and long after the time when an execution could
" legally issue on said judgment, the said bank, by its agents and
" attorneys, for the purpose of further harrassing and injuring the
" complainant, had sued out another execution on said judgment,
" when by law an execution could not legally issue, and have put
" the same into the hands of Jasper E. Tucker, a deputy sheriff
" for the county of Orange, to collect, and the said Tucker has
" actually taken the personal property of the complainant, and
" holds the same on said execution, and is threatening to sell the
" same to pay and satisfy said execution, thus unlawfully issued ;
" by all which wrong, injurious and oppressive acts, the complain-
" ant, as he says, is greatly injured and aggrieved," &c.

To this complaint the defendants demurred, and the county court,
at the January Term, 1855, *pro forma*, overruled the demurrer,
and adjudged the complaint sufficient, to which the defendants
excepted.

*H. Carpenter* for the defendants.

All the defendants in the execution should have been made
plaintiffs ; *Titlemore* v. *Wainwright,* 16 Vt. 173; *Starbird et al.* v.
*Moore,* 21 Vt. 529 ; *Gleason* v. *Peck et al.,* 12 Vt. 56.

The neglect of the plaintiffs to pursue their attachment lien is
no cause for setting aside the execution; *Bank of Montpelier* v.
*Dixon,* 4 Vt. 587; *Exr. of Baker* v. *Marshall. et al.,* 16 Vt. 522.

The legal impediments which may have prevented the execution
of the first execution are not negatived. The presumption is, that
the second execution was legally issued; *Fletcher* v. *Mott et al.,* 1
Aik. 339 ; *Porter* v. *Vaughn,* 24 Vt. 211.

*Wm. Hebard* for the complainant.

The demurrer admits that the defendants, colluding with Lam-
son, suffered the lien on his property to be lost, with a view of

injuring the complainant, and that the principals in said note are now insolvent: this should relieve the complainant from the levy of the execution on his property, he being but a surety upon the original demand.

If there was any cause, for the issuing of the execution more than a year and a day after the rendition of the judgment, it should have been plead.

The complaint does not seek to vacate the judgment, but only to set aside the execution. The other defendants in the judgment, not being threatened by the execution, had no cause of complaint. This is unlike the case of *Gleason* v. *Peck et al.*, 12 Vt. 56.

The opinion of the court was delivered by

ISHAM, J. We think the declaration is defective on this demurrer. The subject matter of the complaint is not a proper matter for relief at law. If the party is entitled to any relief, his appropriate remedy is in equity. It is admitted by the demurrer that the plaintiff signed the note as surety, and that the other signers were principals; that the note was sued, and the property of the principals attached, sufficient to secure the debt, and save the plaintiff harmless as surety. It is also stated that the property has been released from that attachment by the neglect of the bank to charge the same in execution. If the principals have become insolvent, and the execution is now levied on the property of the defendant, it is not a matter for the interference of a court of law. In the case of *Marshall* v. *Aiken*, 25 Vt. 328, it was held, " that a " judgment upon a note operates as a merger of the note, and *at* " *law* it becomes so far conclusive upon the parties to it, as *to* " *exclude a defense* growing out of the relation of principal and " surety." This subject is examined and the authorities collected in 3 Lead. Cas. in Eq., 382. Whether a court of equity would grant relief, under the circumstances of this case, we express no opinion, as the question is not properly before us. The case referred to is an authority that this remedy at law cannot be resorted to upon the matters stated in the declaration.

We think, also, that all those persons against whom that execution issued, should have been made parties to this prosecution, as plaintiffs. The writ of *audita querela* is a judicial writ, and must,

like the writ of *scire facias*, or *certiorari*, be brought by the parties to the former proceeding. In the case of *Gleason* v. *Peck*, 12 Vt. 56, the court remarked, "that the parties to the judgment and execution sought to be vacated, must be parties to this writ." The same principle was sustained by CH. J. WILLIAMS, in *Littlemore* v. *Wainwright*, 16 Vt. 174, and cases cited. The matter stated in this complaint is personal in its character, and affects the judgment as well as the execution. If this writ is sustained, it must be by setting aside the execution altogether, so that the other defendants would be discharged from it, and for matters in which they have no interest, and for which they would be entitled to no relief; *Starbird* v. *Moore*, 21 Vt. 533. The powers of a court of equity are adapted to cases of this character, in granting relief to a surety when he is entitled to it, and at the same time enforce the judgment against the other defendants who are not entitled to such relief. For these reasons, and without referring to other matters which have been argued in the case, we think the judgment of the county court must be reversed, and judgment rendered for the defendants.