P. C. & C. LOVEJOY v. STILMAN CHURCHILL.

[IN CHANCERY.]

*Chancery practice.*

The refusal of a chancellor to recommit a master's report, on account of surprise or of new discovered testimony, is so far interlocutory and a matter of discretion that it will not be revised by the supreme court on appeal.

How fully the testimony of witnesses, examined *viva voce* before a master, shall be taken in writing and returned with his report, is a matter of practice and discretion with the court of chancery.

APPEAL FROM THE COURT OF CHANCERY. The only paper connected with the case which came into the possession of the reporter was the opinion of the court, which was delivered at the Circuit Session in October, 1857, by

REDFIELD, CH. J. This is an appeal from the decision of the chancellor, on the ground of his refusal to recommit the report of the masters. The grounds of the motion to recommit seem to have been two:

1. That the evidence before the masters was false, and that this could be shown by evidence discovered since the trial, which, upon the affidavits read before the chancellor, would seem to include both surprise and newly discovered evidence.

In a court of law these grounds of motion for a new trial are addressed solely to the discretion of the court, and the deter-

mination thereon could not be reversed in a court of error, and probably not on appeal.

The hearing of chancery appeals in this court is different from the revision of a case in a court of error. The whole case is to be re-examined upon the merits as it stood before the chancellor. But there are many incidental questions which cannot be revised even upon chancery appeals. Decisions in regard to matters of practice resting in discretion, are of this kind, like extending rules, sustaining exceptions where the party acquiesces and complies with the order. And a similar view is generally taken in regard to overruling merely formal exceptions as to the mode of taking testimony, when if the exception had been sustained, it would result in retaking the testimony.

This will probably exclude any revision of the question of recommitment on the ground of surprise and newly discovered evidence. It is an incidental and interlocutory matter resting so much in discretion and upon matter of fact that it would certainly be regarded as inexpedient to have it revisable upon appeal.

If the party deems it of sufficient importance to have the opinion of this court upon it, he can probably obtain it, if the relief should be denied in the court of chancery, when presented in the proper form.

And in regard to the question of taking the testimony before the masters in writing, there can be no doubt of the right of the parties to insist upon that mode of taking it. And if they should do so in season before the masters and be denied the right, and that denial affirmed by the chancellor, there can be no doubt, according to the course of trial in the English chancery, the matter might be rectified even on appeal.

But in the present case the testimony was so taken by the masters, and the only objection made here is that it was not fully taken, which is probably a matter of practice and discretion with the court of chancery and its officers, and that it was not treated as forming a part of the masters' report.

It is not strictly a part of the report, but a necessary accompaniment wherever the witnesses are examined *viva voce* before

Lovejoy *v*. Churchill.

the master, which, according to strict English practice, they were not entitled to be, until since 1828. We think the rule was substantially complied with.

Decree of chancellor affirmed, and case. remanded to court of chancery, with instructions to carry the same into effect, making such modifications as to the time of redemption as shall seem equitable and just.