LAMOILLE COUNTY NATIONAL BANK *v.* B. A. HUNT.

May Term, 1900.

Present : ROWELL, TYLER; MUNSON, START, and THOMPSON, JJ.

Opinion filed July 26, 1900.

*Jury trial—Jury drawn from part of the array—*A party is not entitled to have the jury drawn from the array, though all the jurymen are at liberty. His full right is to have his cause tried by an impartial jury, and this right is presumably accorded him when the jury is drawn from the array, exclusive of the jurymen who have served in the next preceding cause.

*Pleadings—Denial of leave to amend discretionary with trial court*—The election of the plaintiff, in an action of assumpsit, to waive the special counts in his declaration and go to trial on the general counts, does not give the defendant the legal right to amend his pleading. A denial of leave so to amend is discretionary, and not revisable in the Supreme Court.

*If defendant would file a new plea as of right, the nature of the plea must be disclosed—Plea of res judicata after suit commenced*—It will not avail one who has been denied leave to replead generally to claim in the Supreme Court, for the first time, that he wanted to plead *res judicata* after suit commenced.

*Jury interrogated when general verdict is returned—Answer of jury as a special verdict—Special verdict found agreeably to the usages of law*—A finding of a jury that appears from the answer of the foreman, assented to by the rest of the panel, and given when the general verdict is returned, is a part of the verdict, and effective as such, when it is determinative of the substance of an issue raised and submitted.

*Finding as related to issues formed*—A special finding of payment, in an action of assumpsit in which no plea of payment after suit commenced was interposed, shows payment before the commencement of the action.

*Promissory notes—Signer of note expressly promising as principal cannot defend as surety*—If one, in signing a note with another, expressly promises as principal, he waives all rights as surety, though he is in fact such, and though the payee so knows when he accepts the note.

*Promissory notes—Joint and several principals— Waste of securities under plea in offset—Mutuality of demands*—In a suit on a note brought by the original payee against one of two joint and several principals, waste by the payee of collateral securities, furnished by the principal not sued, cannot be shown in offset.

*Promissory notes—Joint and several principals— Waste of securities—Failure of consideration—Other defences*—In a suit on a note brought by the original payee against one of two joint and several principals, waste by the payee of collateral securities, furnished by the principal not sued, is no defence by way of failure of consideration or otherwise.

GENERAL AND SPECIAL ASSUMPSIT.  The plaintiff elected to go to trial upon the general counts in his declaration, and withdrew the special counts from the case.  Trial by jury, Lamoille County, June Term, 1899, *Watson,* J., presiding.  Verdict directed for the plaintiff.  Judgment on verdict.  The defendant excepted.

. After the jury was drawn the defendant moved to discharge the jury already called, for the reason that it had not been called from the whole number of jurors in attendance. It appeared that the trial of the preceding case was ended and the jury in that case discharged the night previous to the impaneling of the jury in this case, and that in drawing the jury in this case the clerk of the court drew from the jurors in attendance, exclusive of those who had served in the preceding case. The motion to discharge the jury was overruled.

The defendant asked leave to amend his pleadings upon the ground that the action of the plaintiff in withdrawing the special counts of his declaration was a surprise to him, and that he could not go to trial safely under his pleadings already filed. The court declined to allow such amendment.

The plaintiff sought only to recover upon a note of the tenor following:

" $699.00

August 30, 1894.

For value received we each as principal jointly and severally promise to pay the Lamoille County National Bank of Hyde Park, at their banking house in Hyde Park, six hundred and ninety-nine dollars in thirty days from day of discount with interest after due.

F. C. WHITING.

. B. A. HUNT."

The plaintiff against the objection of the defendant proved the acceptance and discount of the note by the record in a former suit between the same parties begun more than thirty days before the commencement of this action.

The defendant offered to show : that in fact he was merely surety on the note in suit and that the plaintiff so knew when, if ever, it accepted and discounted the note; that former notes given to the plaintiff of which the note in suit was a renewal, were signed by the defendant as surety, the word surety being ap-

pended to his signature ; that such former notes were secured by the deposit with the plaintiff of collateral securities that the plaintiff had allowed to be wasted before the execution of the note in suit ; that the defendant was ignorant of such waste at the time the note in suit was executed ; that the note in suit was executed by the defendent in reliance upon figures furnished by the plaintiff to the defendant as a true statement of the amount due on the former notes at the time the note in suit was executed ; and that the note in suit was secured by the deposit with the plaintiff by Whiting, the co-signer with the defendant, of collateral securities, and that such securities had been wasted and misapplied by the plaintiff.

The evidence offered by the defendant was excluded.

*R. W. Hulburd* and *Bates, May & Simonds* for the plaintiff.

*George M. Powers* and *B. A. Hunt* for the defendant.·

ROWELL, J.    The defendant was not entitled to have the jury drawn from the array, though at liberty.    His full right was accorded when he had an impartial jury to try the case, as presumably he had.    *Quinn* v. *Halbert*, 57 Vt. 178.

The plaintiff waived the special counts, and elected to go to trial on the general counts.    Thereupon the defendant asked leave to amend his pleadings, for that he was surprised by the action of the plaintiff, and could not safely go to trial on the pleadings as they were.    The denial of leave was discretionary and not revisable.    The defendant now claims that he wanted to plead *res judicata* after suit commenced, and that such was his right.    But it does not appear that he informed the court below that he wanted to plead that, and therefore he cannot stand on that ground now.

The note in suit is dated August 30, 1894, payable thirty days from discount, and signed by F. C. Whiting and the defendant.    In a former suit between these parties on certain other notes, commenced July 8, 1896, the defendant pleaded

payment, and the jury found that two of said notes were paid by the note in suit and twenty-five cents. That finding appears from the answer of the foreman, assented to by the rest of the panel, in reply to a question by the court when the general verdict was returned. To the admission of the record in that case, to show that the bank accepted and discounted the note in suit, the defendant objects that said special finding forms no part of the verdict, but is merely a narrative of what transpired in the jury room, and is not a special verdict, found "agreeably to the usages of law," within the meaning of the statute, and that in order to make it such, the question should have been submitted to the jury before it retired, that it might receive the consideration its importance required.

But it is settled law in this State that such findings are a part of the verdict and effective as such, especially when, as here, they are determinative of the substance of the issues raised and submitted.

This suit was commenced the same day the verdict was rendered in the former suit, and it is said that if said special finding is to stand, it does not show, nor does it otherwise appear, when the note in suit was discounted in payment—that it might have been within thirty days of the commencement of this action, and so not due when sued, and that therefore a verdict should have been directed for the defendant. But it must have been discounted before the former suit was commenced, else the finding of payment, which is conclusive upon the parties, could not have been what it was, for no plea of payment after suit commenced was interposed.

The defendant's offer to show his suretyship for Whiting on the notes for which the note in suit was given, and the plaintiff's waste of Whiting's collaterals therefor, and the defendant's ignorance of it when he signed the note in suit, and his reliance upon the bank's figures as to the amount due on those notes,— was properly excluded. By expressly promising as principal in the note in suit, the defendant waived all rights as surety,

and stands no better in this suit in respect of said waste of security than Whiting himself would stand, as to whom it would be no defence by way of failure of consideration nor otherwise, except perhaps as matter of set-off, of which the defendant cannot avail himself, for as he is sued alone, there is no legal mu_tuality, the bank being liable to him jointly with Whiting if at all. *Mott* v. *Mott*, 5 Vt. 111, which holds that in a suit against two and only one served, he may plead in set-off a demand in favor of both, is criticised in *Adams* v. *Bliss*, 16 Vt. 42, and has not for a long time been regarded as sound. *Johnson* v. *Kelley*, 67 Vt. 386.

Although the defendant may be surety for Whiting on the note in suit, as he offered to show, and although the bank may have wasted securities placed with it by Whiting as collateral thereto, as claimed, yet that does not release the defendant from liability on the note, because of the capacity in which he contracts, even though the bank knew of his suretyship. *Pitts* v. *Congdon*, 2 N. Y. 352 ; *Marshall* v. *Aiken*, 25 Vt. 327; *Herrick* v. *Orange County Bank*, 27 Vt. 584.

*Judgment affirmed.*