WILLIAM L. SOWLES' ADMR. *v.* ALEXANDER SARTWELL.

October Term, 1903.

Present: ROWELL, C. J., MUNSON, START, WATSON, and STAFFORD, JJ.

Opinion filed November 30, 1903.

*Case Presented—Sufficiency—Verdict—Conclusiveness—Motion to Recommit—Decree against Administrator.*

It is for the appellant in chancery to furnish this Court a case that affords a foundation for the legal question sought to be raised.

A special verdict is conclusive in a subsequent chancery suit between the same parties.

An orator is bound to show the amount of a payment properly chargeable to the defendant.

A motion to recommit a master's report is addressed to the discretion of the chancellor.

One who brings a bill as administrator cannot complain because a decree is made against him in his representative capacity.

APPEAL IN CHANCERY. Heard on pleadings, master's report, and orator's exceptions thereto, at the March Term, 1903, Franklin County, *Tyler,* Chancellor. Decree overruling the exceptions and for the defendant to recover the balance found due. The orator appealed.

*E. A. Sowles* and *R. O. Sturtevant* for the orator.

*C. G. Austin & Sons* and *E. A. Ayres* for the defendant.

STAFFORD, J. The orator, in his brief, claims that the master erred in receiving and rejecting various pieces of evidence, but, save in one instance only, the report and the case as presented here afford no basis for raising the question. It is necessary that the report, either in itself or by reference to exhibits or testimony, which the advancing party spreads before us, should furnish the foundation for the legal question

sought to be raised. It is not enough that the party, in his brief, or even in his exceptions filed to the report, states such supposed matters of fact.

The bill seeks an accounting for the proceeds of a farm carried on by the defendant at the halves. The orator claims that the lease was for one year only. The defendant claims it was for five. In a previous action at law, wherein the defendant was plaintiff and the orator and one acting under his orders were defendants, the same question had been involved, and the verdict of the jury had been taken with a special finding, which was that the lease was for five years. The master, finding that the real parties were the same in both cases, treated the verdict as conclusive, refused to receive evidence offered by the orator to show that the lease was for one year only, and found the fact that the lease was for five years solely upon the basis of the verdict. Whether he was correct in so doing he submits to the Court, and that question is thus saved to the orator. It cannot avail him, however, for "such findings are a part of the verdict and effective as such." *Lamoille County Bank* v. *Hunt,* 72 Vt. 357, 361.

The defendant was bound to pay one-half the taxes; but the orator, as the advancing party, was bound to show what such half was. Instead of doing so, he deliberately and against warning left the evidence in such a state that the master was unable to ascertain the fact,—apparently proceeding upon the theory that the duty was upon the defendant to furnish the proof. After the report was drawn and exhibited, but before it was filed, he requested the master to open the case and receive further testimony upon this point, which request, instead of granting, the master referred to the Court of Chancery. In that Court the orator moved to recommit the report for the same purpose and the motion was denied. Whether the report should have been recommitted was, in the

circumstances, a question of discretion and, no abuse thereof appearing, is not revisable here. *Lovejoy* v. *Churchill,* 29 Vt. 151.

The bill is in the name of the orator as administrator, and the decree, being for a balance in the defendant's favor growing out of his deal with the orator in that capacity, was made against him in his representative character. It is urged that this was error, and reliance is placed upon *Rich* v. *Sowles, Admr.* 64 Vt. 408, wherein it was held that an administrator could not contract a debt against the estate; that a writ at law against him as administrator ran against him personally, the title being words of description merely; and that a judgment following the writ in this respect was not a judgment against the estate, but only against the individual. We see no ground for the orator to complain when a decree is rendered against him in the very name and capacity in which he prays for a decree in his favor. Whether he will have it to pay himself or will be reimbursed from the estate, is another question, and one that is not determined by the form of the decree.

*Decree affirmed and cause remanded.*