FRED C. RAND *v.* PETER BORDO.

May Term, 1911.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed October 9, 1911.

*Action for Deceit—Exchange of Horses—Admissibility of Evidence*
*—Review—Matters not Apparent of Record—Motion in*
*Arrest—Necessity of Furnishing Declaration.*

In an action for deceit in the even exchange of horses, where plaintiff's
evidence tended to show that, if the horse he received from defendant
were sound and free from defects, as defendant represented, it would
have been worth substantially as much as the horse plaintiff gave
defendant, evidence of the kind and value of that horse was admissible.

In an action for deceit in the exchange of horses, error does not appear
in the admission of testimony for plaintiff showing the defective
condition of the horse he received from defendant when it was being
driven by defendant's son, where the record does not show when that
was.

A bill of exceptions that refers to the evidence only in the statement in a
ground of defendant's recited motion for a directed verdict that "the
plaintiff's testimony is referred to" does not bring that testimony before
the Supreme Court, and so defendant's exception to the overruling
of that motion is not considered.

An exception to the overruling of a motion in arrest of judgment will not be
considered where neither the declaration nor a copy thereof is furnished
this Court.

7

CASE for deceit in the exchange of horses.  Plea, the general issue.  Trial by jury at the September Term, 1910, Windham County, *Taylor*, J., presiding.  Verdict and judgment for the plaintiff.  The defendant excepted.  The opinion sufficiently states the case.

*Bert E. Cole* for the defendant.

*Ryder & Graham* for the plaintiff.

WATSON, J.  The bill of exceptions states that the declaration alleges that the defendant, knowing a certain brown mare to be unsound and infected with a certain disease, by warranting said mare to be sound and free from defects, and by concealing certain defects and unsoundness, fraudulently and deceitfully induced the plaintiff to make the exchange, and thereby deceived and defrauded the plaintiff.

It appeared that it was an even exchange; and the plaintiff's evidence tended to show that the mare he received of the defendant, if sound and free from defects as defendant represented, would have been worth substantially as much as the horse which the plaintiff gave in exchange for her.  Under objection and exception the plaintiff was permitted to show the kind and value of the horse he let the defendant have.  In substance the objection was, that the evidence was immaterial.  But such evidence was material, as bearing on the trade made. If the mare, in consequence of her unsoundness and defective condition, was of much less value than the horse, and if she would have been substantially of the same value as the horse, had she been sound and free from defects, it is more likely that the defendant made representations concerning her as the plaintiff claimed, and as his evidence tended to show.  *Bedell* v. *Foss*, 50 Vt. 94; *State* v. *Donovan*, 75 Vt. 308, 55 Atl. 611.

Subject to the same objection, a witness for the plaintiff gave testimony showing the defective condition of the  mare on an occasion when she was being driven by the defendant's son.  The exceptions do not show when this occasion was. Error does not appear.

At the close of the evidence the defendant moved for a

verdict on seven different grounds stated, each pertaining to the evidence. As a part of the third and fourth grounds, each, the motion states, "The plaintiff's testimony is referred to." This reference to the testimony,—and none other is shown by the bill of exceptions,—is only by the defendant in his motion, and such a reference does not bring the testimony before this Court. *Sowles' Admr.* v. *Sortwell*, 76 Vt. 70, 56 Atl. 282; *Royce* v. *Carpenter*, 80 Vt. 37, 66 Atl. 888. The evidence is therefore not before us, and the exception to the overruling of the motion is not considered.

The defendant excepted to the overruling of his motion in arrest of judgment, but since neither the declaration nor a copy thereof has been furnished us, this exception is not considered.

*Judgment affirmed.*