MERCHANTS' & MINERS' TRANSP. CO. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. April 2, 1912. On Petition for Rehearing, May 16, 1912.)

No. 2,215.

1. CARRIERS (§ 38*)—INTERSTATE COMMERCE—PROSECUTION FOR GRANTING REBATES—DEFENSES.

Where it was shown that defendant, a transportation company, which had joined with railroad carriers in establishing and filing with the Interstate Commerce Commission a joint through rate on grain from Philadelphia to Jacksonville, Fla., via Savannah, charged and collected less

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

than such rate from certain shippers on grain billed from Philadelphia, defendant could not show, as a defense to a prosecution for allowing a rebate, under Elkins Act Feb. 19, 1903, c. 708, § 1, 32 Stat. 847 (U. S. Comp. St. Supp. 1911, p. 1310), that the rate filed was not intended to apply to shipments originating at certain points further west, when no other or different rate was provided on shipments from such points.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 96, 97; Dec. Dig. § 38.*

What constitutes an unlawful preference or discrimination by a carrier under interstate commerce regulations, see note to Gamble-Robinson Commission Co. v. Chicago & N. W. Ry. Co., 94 C. C. A. 230.]

**2. JURY (§ 82*)—JURY LIST—REVISION.**

An order of a federal trial judge directing the jury commissioners to place in the jury box a certain number of names from the different counties comprising the district, while not expressly authorized by statute, was not so irregular or erroneous that prejudice to a party can be predicated thereon.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 282, 307–309, 331, 332, 348, 359, 367, 380; Dec. Dig. § 82.*]

In Error to the Circuit Court of the United States for the Southern District of Georgia.

Prosecution by the United States against the Merchants' & Miners' Transportation Company. From a judgment of conviction, defendant brings error. Affirmed.

Samuel B. Adams and A. Pratt Adams, both of Savannah, Ga., for plaintiff in error.

Alexander Akerman, of Macon, Ga., and W. M. Toomer, of Jacksonville, Fla., for the United States.

Before PARDEE, Circuit Judge, and MAXEY, District Judge.

PER CURIAM. We find no reversible error in the rulings of the court below and the judgment of the court is therefore affirmed.

### On Petition for Rehearing.

PARDEE, Circuit Judge. [1] We affirmed the judgment of the court below in this case, because the evidence shows that at the times laid in the indictments the Merchants' & Miners' Transportation Company was engaged in the transportation of property, partly by railroad and partly by water, under a common arrangement with other parties, for a continuous carriage or shipment from the state of Pennsylvania to the state of Florida, and that said Transportation Company filed its concurrence with the Interstate Commerce Commission in a common arrangement and agreement for the continuous shipment of grain from Philadelphia to Jacksonville, Fla., via Savannah, at a rate of 15 cents per 100 pounds, which rate had been filed and lodged with the Interstate Commerce Commission by the Atlantic Coast Line Railroad Company and by the Seaboard Air Line Railway, and which rate was in effect at the time and times as laid in the indictment; that the said rate in terms applied to all grain billed and carried over the said lines from Philadelphia to Jacksonville by way of Savannah, and was not restricted to grain shipments originat-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing in Philadelphia, and the said rate did not refer to shipments on through bills of lading of grain from beyond Philadelphia and over the lines in question, but clearly covered every independent shipment of grain from Philadelphia to Jacksonville, via Savannah, over the said lines. The evidence further shows, without dispute, that, as charged in the indictments, the Transportation Company collected from the millers on grain shipments billed and carried from Philadelphia to Jacksonville, via Savannah, over the lines in question, only 10 cents per 100 pounds, when the only rate on file with the Interstate Commerce Commission and published generally for such and other grain shipments called for 15 cents per 100 pounds.

The Transportation Company contended, and offered evidence to prove, that there was an understanding on its part that the concurred-in rate on grain shipments from Philadelphia to Jacksonville did not apply to grain shipments where the grain originated west of a line from Buffalo to Pittsburg. This evidence was rejected, because there was neither proof nor claim, even, that any such modified or limited rate, or any rate at all, on grain originating west of a line from Buffalo to Pittsburg, was filed and published with the Interstate Commerce Commission, and, therefore, the evidence was properly rejected.

Whether the action of the Transportation Company in departing from the legal and published rate was a willful violation of the Elkins Act was a question for the jury. There was evidence tending to show that the original charges of the Transportation Company on all the grain shipped to the millers were at the rate of 15 cents per 100 pounds, and Lucas, the agent of the Transportation Company at Philadelphia, among other things testified:

"That three shipments covered by indictment 380, shipped from Philadelphia January 3, 7, and 10, 1908, were billed on these dates at 15 cents, and we charged the millers 15 cents on these three shipments, and rendered them bills at the time of the shipments at this rate. The millers paid the Merchants' & Miners' for these three shipments on May 29, 1909, on the basis of 10 cents; the payment being made by them through us in Philadelphia. The company finally accepted 10 cents on these shipments."

[2] The order of the trial judge, instructing the jury commissioners as to a revision of the jury box, and directing the placing therein of a certain number of names from the different counties comprising the Eastern division of the Southern district of Georgia, though strictly unwarranted by law, was not so irregular or erroneous that, in the absence of proof of injury, prejudice can be predicated thereon.