### 8217

#### STATE v. TURNAGE.

JURORS—INDICTMENT.—A defendant in one criminal case has no ground to challenge the array of grand and petit jurors because an indictment found by the same grand jury against another defendant charged with a different crime had been quashed on the sole ground that one of the jury commissioners was prosecuting the case.

Before WILSON, J., March, 1912. Affirmed.

Indictment against Sidney Turnage. Defendant appeals.

*Messrs. Townsend & Rogers* and *J. J. Evans,* for appellant.

*Solicitor J. Monroe Spears,* contra.

May 28, 1912. The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY. This is an appeal from an order refusing to sustain the challenge to the array of grand and petit jurors.

The facts are thus stated in the record:

"This is an indictment against the defendant, charging him with assault and battery with intent to kill, the indictment being in the usual form. Upon the call of the case, the defendant filed a challenge to the array of grand and petit jurors, in regular form, upon the grounds set forth

in the order of the Circuit Judge, which is as follows: "The
defendant in the above entitled case, has formally filed a
challenge to the array of grand jurors, which found the
true bill in this case, and also to the array of petit jurors in
attendance upon this Court, upon the ground that the said
grand jury and petit jury, were drawn by the jury commiss-
sioners of Marlboro county, from a jury box prepared by
the said jury commissioners; and that N. B. Rogers, county
treasurer for Marlboro county and *ex officio* a jury com-
missioner, had actively participated in preparing and plac-
ing the names in the said jury box, and in drawing the said
grand jury and petit jury therefrom; and that the said N.
B. Rogers was the father of Guy Rogers, who was alleged
to have been killed by one Joe Malloy in 1910. and had
been indicted therefor, and the case against whom, would
necessarily be submitted to said grand jury, and to a panel
drawn from said petit jury, and for that reason that he,
the said N. B. Rogers, was disqualified to act as a commis-
sioner, in preparing said jury box, or in drawing the names
of the grand or petit jury therefrom; and upon the further
ground, that in the case of The State against Joe Malloy,
charged with the murder of said Guy Rogers, and in the
case of The State against the said Joe Malloy, charged
with the murder of one Prentiss Moore, this Court had
already quashed the indictment, in so far as those two cases
were concerned, on the ground above stated.   The state-
ments of fact, as above set forth, are admitted to be true
and correct.   It is proper to note, however, that the Court,
in quashing the indictment in the cases against Joe Malloy,
sustained the motion only in so far as those cases were con-
cerned, and expressly limited the scope and effect of said
orders to said cases, and it might be well, to incorporate
said orders in this recital, in order that the question now
made may be brought squarely before the Appellate Court.
The two orders are identical, and the following is a copy
of one:

" 'State of South Carolina, Marlboro County.

(In General Sessions.)

The State v. Joe Malloy, charged with the murder of
Prentiss Moore.

On motion of Stevenson, Stevenson and Prince:

It is ordered that the indictment be quashed, on the
ground that the grand jury, finding the bill, was drawn by
a board of jury commissioners, one of whom was an active
prosecutor, and employed counsel in this case, and his con-
nection therewith, invalidates the same, in so far as this
case is concerned, but it does not affect the acts of the grand
jury, or the jury in other cases not connected therewith.

JOHN S. WILSON,

March 13, 1912.                    Presiding Judge.'

"The motion now made in this case, now brings in ques-
tion the correctness of that order, in continuing said jurors
in office, after having quashed the indictments in those par-
ticular cases, upon the ground stated. The situation is
anomalous and unusual. The reason for quashing the
indictment in the Malloy case is apparent, but the same
reason does not appear to affect any other case. It is urged
in argument, that the jury box and jurors having been
once shown to be tainted, or even clouded by a suspicion
of taint, their creation and validity is gone. This argu-
ment is ingenious and has apparent force, but is not con-
vincing to the Court. The State has already announced its
purpose, to appeal from the order granted in the Malloy
case, and this case will likewise probably be taken to the
Supreme Court, and for this reason the facts have been
carefully stated and incorporated herein, in order that the
Supreme Court may settle this vexed question.

This motion is refused.

(Signed) JOHN S. WILSON,

Presiding Judge.

Bennettsville, S. C., March 14, 1912."

The defendant appealed from said order, and the practical question presented by the exceptions is, whether the defendant, Sidney Turnage, had the same right as Joe Malloy, to challenge the array of grand and petit jurors, on the ground that N. B. Rogers, one of the jury commissioners, was disqualified by reason of the relationship between him and Guy Rogers, who was killed, although this defendant had no participation whatever in the killing of Guy Rogers or Prentiss Moore.

There was certainly no moral wrong, in merely assisting in the said drawing; and, in the case of The State against Malloy it was conceded, that there was no ground, on which to base a charge of any actual wrongdoing, on the part of the jury commissioners. In the order of his Honor, Judge Wilson, he says: "It is urged in argument, that the jury box and jurors, having been once shown to be tainted, or even clouded by a suspicion of taint, their creation and validity is gone." The indictment against Malloy was not quashed on the ground that the jury commissioner, N. B. Rogers, was guilty of any moral or intentional wrong, in the drawing of the jurors, but solely on account of the relationship between him and Guy Rogers. The contention of the appellant, "that the jury box and jurors had been once shown to be tainted," is without foundation; and as N. B. Rogers was not related to the party, upon whom this defendant is alleged to have committed the assault and battery with intent to kill, we are unable to discover any reason, why he should be allowed to challenge the array of grand and petit jurors.

Appeal dismissed.