STATE v. JOSEPH PILVER.

February Term, 1917.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed April 6, 1917.

*Juries—Challenge to the Array—Municipal Court Act—Irregularity in Preparing Lists of Jurors—Reversible Error.*

An objection which goes to the whole list of jurymen, to be available, must be for a cause that affects all alike.

A jury must be constituted in substantial conformity with the statute, and a challenge to the array will be sustained for any material departure from the prescribed mode of selecting, listing or drawing the jurors, whereby the rights of the challenging party are likely to be prejudiced.

Where a list of jurors prepared under the Municipal Court Act (No. 90, Acts 1915) does not contain the names of any persons from a particular town within the jurisdiction of the court, the rights of a respondent on trial therein are not affected by the irregularity, and the basis of a challenge to the array is not afforded thereby.

The Supreme Court will not reverse the judgment of a lower court unless error that has injuriously affected the rights of the excepting party is found.

COMPLAINT for selling and keeping with intent to sell intoxicating liquor. Plea, not guilty. Trial by jury in the Caledonia County Municipal Court, *Frye*, Municipal Judge. Verdict, guilty. Respondent excepted. The opinion states the case.

*Porter, Witters & Harvey* for the respondent.

The jury was not a lawful jury. By Sec. 6, No. 91, Acts of 1915, the Municipal Court Act, a class of persons is prescribed from whom the list of jurors is to be selected, and a failure to select this list from this class is a fatal irregularity. *Quinn's Admr.* v. *Halbert*, 57 Vt. 178; *Briggs* v. *Georgia*, 15 Vt. 62; *Cooley's Blackstone*, 4th ed., Book 3, Sec. 359; *Hewitt* v. *Saginaw*

*Circuit Judge,* (Mich.) 39 N. W. 56; *State* v. *Jenkins,* 32 Kan. 477, 4 Pac. 809; *Zanone* v. *Tennessee,* 97 Tenn. 101, 35 L. R. A. 556; 17 Am. & Eng. Ency. (2nd ed.), 1111 and cases cited; 24 Cyc. 213 and cases cited.

*James B. Campbell,* State's Attorney, for the State.

All matters of detail, such as listing, selecting and drawing jurors, admit of a wide discretion, and do not afford ground for error unless thereby the party's constitutional or statutory rights are materially affected. *Quinn's Admrs.* v. *Halbert,* 57 Vt. 178; *Lamoille Nat. Bank* v. *Hunt,* 72 Vt. 357; *State* v. *Frazier,* 54 Kan. 719; *Ferris* v. *People,* 35 N. Y. 125; *Carpenter* v. *People,* 64 N. Y. 483; *People* v. *Jewett,* 21 Wend. 313; *Clawson* v. *State,* 36 Atl. 886; *People* v. *Ransom,* 23 Wend. 416; 17 Am. & Eng. Ency. (2nd ed.) 1111; 24 Cyc. 229; *Friery* v. *People,* 2 Keyes, 424; *Healey* v. *People,* 177 Ill. 306, 52 N. E. 426; *People* v. *Davis,* 73 Cal. 355, 15 Pac. 8.

Sec. 6, No. 91, Acts 1915, is designed to promote public convenience, and should be liberally construed. It is directory, not mandatory. Proffatt on Jury Trials, p. 171, Sec. 125.

TAYLOR, J. The respondent pleaded not guilty in the Caledonia County Municipal Court to the charge of selling and keeping for sale intoxicating liquor. He demanded a jury trial and the court proceeded to draw a jury in accordance with the municipal court act. The respondent seasonably objected to the drawing of the jury from the list on file in the office of the judge and "made challenge to the array" on the ground that the list did not contain the names of any jurymen from the town of Burke. The court overruled the objection and subject to respondent's exception directed that the jury be drawn from the town of St. Johnsbury, which was accordingly done. The respondent attempted to raise the same question by motions to set aside the verdict and in arrest of judgment. We treat the objection to the drawing as saving the question which has been argued, which is whether the irregularity relied upon afforded a sufficient basis for challenge to the array.

The statute prescribing how juries in criminal cases in municipal courts shall be drawn provides that the judge shall annually procure and keep on file in his office the names and

addresses of not to exceed fifty judicious citizens from each town in the county in which the court is situated, the aggregate for the county to be not less than three hundred. The sheriff, his deputy, or other officer appointed by the court, selects from this list, and from such town or towns as the judge directs, the names of twenty-four persons. From the persons thus selected the jury is finally drawn. No. 91, Acts of 1915, § 6. The list employed in drawing the jury in this case complied in all respects with the requirements of the statute except that it contained no names for the town of Burke.

The respondent insisted and now insists that a lawful jury could not be drawn from an incomplete list,—that it was his right to have on file a list of jurymen from every town in the county that he might obtain the judgment of the court on the question of drawing jurors from the town of Burke. He virtually concedes that it is discretionary with the court to direct that the panel shall be drawn from a single town and does not complain that the court's discretion was not properly exercised, except that the failure to provide a complete list prevented the judge from considering the town of Burke in making the direction and so prevented the exercise of the discretion which the law contemplates.

We have no reported case involving the question here presented. It was said in *Quinn's Adm'r* v. *Halbert*, 57 Vt. 178, that it is a settled rule of practice that some prejudice to the excepting party resulting from the rulings of the court below in organizing the jury, or at least some infringement of the statutory provisions relating thereto, must be shown before this court will revise the proceedings of the trial court. Again, in *Lamoille County Nat. Bk.* v. *Hunt*, 72 Vt. 357, 47 Atl. 1078, it was held that a party was accorded his full right when he had an impartial jury to try his case. In *Briggs* v. *Georgia*, 15 Vt. 62, a statutory requirement then in force that jurors in county court should be freeholders was held to be mandatory and a new trial was granted where one of the jurors lacked this qualification. The questions before the court in each of these cases related to individual jurors—either to their qualification or to the proceedings relating to impanelling the jury. The objection in the case at bar goes to the whole list of jurymen; hence, to be available it must be for a cause that affects all alike. *Com.* v. *Chance*, 174

Mass. 245, 54 N. E. 551; *State* v. *Hogan,* 67 Conn. 581, 35 Atl. 508.

There. are certain general and well recognized propositions that underlie the inquiry.  To be lawful the jury must be constituted in substantial conformity with the statute; and a challenge to the array will be sustained for any material departure from the prescribed mode of selecting, listing, or drawing jurors. 12 Ency. Pl. & Pr. 42.  A disregard of essential provisions which are designed to secure and preserve a fair and impartial trial cannot be deemed harmless irregularities, though it does not affirmatively appear that injury has resulted therefrom.  Such provisions are in the nature of a privilege, as to which the parties have the right to insist that there shall be a substantial compliance with the statute.  *Hewitt* v. *Circuit Judge,* 71 Mich. 287, 39 N. W. 56.  But errors and irregularities in making up the jury list which can in no way prejudice the parties do not invalidate it nor furnish ground for challenge to the array.  24 Cyc. 217; *Healy* v. *People,* 177 Ill. 306, 52 N. E. 426; *People* v. *Damron,* 212 N. Y. 256, 106 N. E. 67; *Gardner* v. *State,* 55 N. J. Law 17, 26 Atl. 30; *Com.* v. *Zillafrow,* 207 Pa. 274, 56 Atl. 539.

It will be observed that that part of the statute requiring the list to be filed was not designed for the benefit of the parties. It is not their privilege to have the jury drawn from the whole county or any particular section thereof.  The municipal court act contemplates local trials with juries drawn from the vicinity if the court in the exercise of sound discretion so directs.  To that end the judge is empowered to designate the town or towns from which the jurors shall be drawn.  To faciliate the drawing the judge is required to procure and keep on file the names and addresses of a certain number of persons in each town of the county who are eligible for jury duty.  A strict compliance with this requirement is entirely practical and proper regard for the orderly conduct of business is a sufficient recommendation for its strict observance; but it does not necessarily follow that the respondent can be heard to complain.  That depends upon whether his rights have been affected by the irregularity.

Considering the evident intention that juries in municipal courts may be called from sections easily accessible to the place of trial, and taking note, as we must, of the remote situation of the town of Burke from St. Johnsbury, the place of this trial, we are forced to the conclusion that it is not probable that the dis-

cretion of the court in directing that the jury should be drawn from St. Johnsbury was in the least degree influenced by the fact that there was no list on file for the town of Burke. This being so, there is no room for conjecture even that the respondent's rights were affected by the irregularity. It follows that the departure as to him in the circumstances was immaterial and did not afford the basis of a challenge to the array.

Our attention is called to decisions in several other states, some of which, it turns out on examination, are affected by statutes regulating challenges to the array. It is enough to say that in states having no such statute there is practically no dissent from the holding that to sustain a challenge to the array the irregularity must have been such that prejudice to the challenging party would be probable. See 24 Cyc. 217, and numerous cases there cited; *State* v. *Frazier,* 54 Kan. 719, 39 Pac. 819; *Transportation Co.* v. *United States,* 199 Fed. 902, 118 C. C. A. 232; *Davis* v. *Arthur,* 139 Ga. 74, 76 S. E. 676; *State* v. *Reeves,* 129 La. 714, 56 South. 648; *Wilkins* v. *State,* 112 Ala. 55, 21 South. 56; *State* v. *Turnage,* 91 S. C. 435, 74 S. E. 1009; *State* v. *Tighe,* 27 Mont. 327, 71 Pac. 3.

Moreover, with us it is not enough that some irregularity in the proceedings below be shown. On review we do not reverse the judgment of the lower court unless error that has injuriously affected the rights of the excepting party is found. Sup. Ct. Rule 7.

It is not practical to indicate in advance what would or would not be a fatal departure from the method pointed out in the statute for listing and drawing jurors in municipal courts. We are satisfied that this record does not disclose such irregularity as required the court below to sustain the respondent's objection.

*Judgment that there is no error in the proceedings in the court below and that respondent take nothing by his exceptions. Let execution be done.*