LYDIA D. NYE'S ADMINISTRATOR *v.* HARRISON G. WOODRUFF.

February Term, 1916.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed May 4, 1918.

*Corporate Stock — Transfer — Notice of Irregularity — When Voidable Only—Trover.*

The treasurer of a bank, who has purchased shares of the capital stock thereof from another bank which was a bona fide purchaser for value without notice of a previous irregular transfer, is not charged with constructive notice of transfers of the stock prior to the time when he became treasurer so as to make his situation in respect to the stock different from that of the bank from which he purchased it.

A transfer of corporate stock, which is the property of an estate, by the executor thereof to himself is not void, but at most only voidable.

An action of trover to recover the value of corporate stock cannot be maintained upon the ground that there has been a voidable transfer of it to persons under whom the defendant claims title.

TROVER to recover the value of ten shares of the capital stock of the Granite Savings Bank & Trust Company of the City

of Barre. Plea, the general issue. Trial by court, upon an agreed statement of facts, at the March Term, 1916, Washington County, *Butler,* J., presiding. Judgment for defendant. Plaintiff excepted. The opinion states the case.

*J. Ward Carver* and *H. William Scott* for plaintiff.

The sale by the executor to himself was fraudulent. Woerner's American Law of Administration, vol. 2, sec. 334; *Green, Admr.* v. *Sargeant et al.,* 23 Vt. 466.

The defendant took no title to the stock and is liable in trover. *Deering* v. *Austin,* 34 Vt. 330; *Morrill* v. *Moulton,* 40 Vt. 242; *Curtis* v. *Crane,* 32 Vt. 232.

*Stanley C. Wilson* and *Erwin M. Harvey* for defendant.

Having purchased the stock from a *bona fide* purchaser for value without notice, defendant cannot be charged with constructive notice of the previous transfer. *Griffith* v. *Griffith,* 9 Paige 315; *Demarest* v. *Wynkoop,* 3 John. Ch. 147; *Ford* v. *Axelson,* 74 Neb. 92; *McQueen* v. *Farquhar,* 11 Vesey 467; *English Trustee* v. *Lindley,* 194 Ill. 181; *Boone* v. *Chiles,* 10 Pet. 187; 18 Cyc. 329.

The sale by the executor to himself was voidable. Woerner's American Law of Administration, vol. 2, sec. 334; *Green, Admr.* v. *Sargeant et al.,* 23 Vt. 466; Schouler on Wills, sec. 1358; 11 R. C. L. 440; *Yeackel et al.* v. *Litchfield,* 13 Allen 417.

HASELTON, J. This is an action of trover in which the plaintiff seeks to recover the value of ten shares of the capital stock of the Granite Savings Bank & Trust Company; the plaintiff's claim being that the defendant had illegally converted the stock to his own use. The case was heard on an agreed statement of facts and judgment was rendered for the defendant. The plaintiff excepted.

One Lydia A. Nye died in 1897, leaving a will by which her husband, Warren C. Nye, was named as executor. He was duly appointed, and he qualified as such. By the will Mrs. Nye made various bequests, and gave her husband the use and income of twenty-five hundred ($2500) dollars during his life, the remainder to one Ethel May Strong if she outlived Warren.

Warren died in 1914, and Ethel May is now living. The plaintiff is administrator *de bonis non* with the will annexed of the estate of the testator Lydia A. Noyes, and brings suit as such.

The ten shares of stock were a part of the estate of Lydia A., but were not specifically bequeathed, nor were they in any way mentioned in the will. The husband, Warren, was made residuary legatee under the will. Warren inventoried the stock, together with other property of the estate, and, March 24, 1898, after due notice and without objection his account was examined and allowed by the probate court.

In the accounting he as executor was charged with the personal estate as per the inventory and given proper credits, and the balance being somewhat in excess of twenty-five hundred ($2500) dollars, that gross sum was reserved that the income might be received by Warren during his life, and that at his death the principal might be paid over according to the terms of the will. A few months after this settlement of his account, Warren C. Nye, as executor, transferred to Warren C. Nye the stock in question, which has been charged to him as executor in the accounting, and in 1901 he sold it, at its fair market value, to the Montpelier Savings Bank & Trust Company. This institution, it is agreed, was a *bona fide* purchaser for value without notice.

In 1904, the defendant purchased the stock from the Montpelier' bank and paid therefor its fair market value. He was then treasurer of the Granite Savings Bank & Trust Company and had been since 1901, but had no actual notice of the previous ownership of the shares of stock. Nor did his position as treasurer charge him with constructive notice of transfers prior to the time when he became treasurer so as to make his situation in respect to the stock different from that of the Montpelier bank from which he purchased it.

The irregularity in this whole business was in the transfer of the stock from the executor to himself in 1898. But this irregularity or impropriety did not make the transfer void. At most it was only voidable. *Sowles* v. *Lewis,* 75 Vt. 59, 73, 74, 56 Atl. 282; *Thomas* v. *Graves,* 89 Vt. 339, 344, 95 Atl. 643. This action is brought, not to avoid the apparently irregular transfer, but to recover in trover for the value of the stock and as such action necessarily goes upon the ground of a void transfer it must fail. What, if any, right there may be to have the transfer avoided,

we regard it as improper, or at least inadvisable, herein to discuss.

*Judgment affirmed.*