## ABRAMSON et al. v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. December 8, 1924.)

No. 4089.

**Grand jury ⊜12—Taking names from petit jury list to make up deficiency in grand jury list held sufficient compliance with statute.**

Though provision of Judicial Code, § 282 (Comp. St. § 1259), makes it mandatory, where less than 16 grand jurors appear, to take additional ones from body of district, requirement that they be "summoned" is merely directory, and taking names from petit jury list to fill out grand jury list substantially complied with statute.

In Error to the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Proceeding by the United States against Louis Abramson and another. Judgment for plaintiff, and defendants bring error. Affirmed.

J. B. Adamson, of Ashland, Ky. (John S. Fullerton, of Ashland, Ky., Jos. M. Spears, of Catlettsburg, Ky., and Edgar B. Hager, of Ashland, Ky., on the brief), for plaintiffs in error.

John E. Shepard, Asst. U. S. Atty., of Covington, Ky. (Sawyer A. Smith, U. S. Atty., and Rodney G. Bryson, Asst. U. S. Atty., both of Covington, Ky., on the brief), for the United States.

Before DENISON, MACK, and KNAPPEN, Circuit Judges.

MACK, Circuit Judge. By plea in abatement and motion to quash defendants raise the question whether or not a grand jury is legally constituted when 6 (naming them) of the 16 members "were not drawn from the box for service as grand jurors nor do their names appear in the venire facias issued for grand jurors and they were not summoned by the marshal from the body of the district," but "their names were drawn from the box for service as petit or traverse jurors; that the court directed that the names of the persons heretofore mentioned be taken from the list of those summoned for petit or traverse jury and be placed upon the grand jury list, which was accordingly done."

Passing the questions whether to such plea, signed by counsel, an affidavit by one of defendants that "he has read the allegations of the foregoing plea in abatement and the same are true as he verily believes," is sufficient, and whether, even in the absence of a traverse, the pleader must not present evidence in support of the allegations of his plea, and coming to a consideration of the merits of his contention that the grand jury thus drawn is illegal, we are of the opinion that the contention cannot be upheld.

The statutory provision, section 282 of the Judicial Code (Comp. St. § 1259), quoted in the footnote,[1] emphasizes, and in our judgment makes mandatory, that the additional jurors be taken from the body of the district and not from bystanders; but the further provision that they be "summoned," if it should be deemed to require them to be summoned specifically as grand jurors, seems to us to be merely directory. See Steers v. U. S., 192 F. 1, 112 C. C. A. 423; Merchants' Co. v. U. S., 199 F. 902, 118 C. C. A. 232; Williams v. U. S. (C. C. A.), 275 F. 129. If the names of qualified persons have been drawn from the box as prescribed by statute, and duly summoned by the marshal for jury service at the term of court, and if the court order the marshal to select six of those thus summoned and place them on the grand jury list, every substantial provision of the statute would seem to be complied with.

The supplemental record filed herein recites that "the grand jurors summoned and returned by the marshal, according to the order of the court, having been called, the following answered and appeared: [Then follow the names of the 16.]" Nothing further appearing in the record, we hold the grand jury thus selected to have been legally constituted.

It suffices to say of the other alleged errors, that we do not deem the district attorney's argument or any statement by the trial judge to the jury to have been in any manner improper or subject to objection.

Judgment affirmed.

---

[1] "Every grand jury impaneled before any District Court shall consist of not less than sixteen nor more than twenty-three persons. If of the persons summoned less than sixteen attend, they shall be placed on the grand jury, and the court shall order the marshal to summon, either immediately or for a day fixed, from the body of the district, and not from the bystanders a sufficient number of persons to complete the grand jury. And whenever a challenge to a grand juror is allowed, and there are not in attendance other jurors sufficient to complete the grand jury, the court shall make a like order to the marshal to summon a sufficient number of persons for that purpose."