## GREEN and WIFE v. TOWN OF WOODBURY.

### Evidence.

Defendant's constable was employed to summons defendant's witnesses and to assist in the defence. Plaintiffs offered to show that the constable offered inducements to one of plaintiffs' witnesses to keep away from the trial, and not to appear as a witness for the plaintiffs; but they did not offer to show that any other officer or agent of the town was cognizant of, authorized, or approved the act. *Held*, inadmissible, and that it could not be presumed that the constable was the agent of the town for any such unlawful purpose.

In order to make evidence of such acts admissible against a party, it must appear that they were the acts of the party, either directly or by authorization.

CASE for injury to the wife upon a highway. September Term, 1874, REDFIELD, J., presiding.

On trial it was shown that the constable of defendant town was engaged in behalf of defendant to summon some of defendant's witnesses, and to assist in the defence ; and the plaintiffs offered to prove that said constable offered to a witness of the plaintiffs certain inducements to keep away from the trial, and not appear as a witness for the plaintiffs. Upon the objection of the defendant, the court excluded said proof; to which the plaintiffs excepted.

*H. E. Carter* (*Heath* with him), for the plaintiffs.

*J. P. Lamson*, for the defendant.

Green and Wife *v.* Woodbury.

The opinion of the court was delivered by

Ross, J.　The only exception reserved relates to the exclusion of the testimony offered in regard to the constable of the defendant having offered certain inducements to one of the plaintiffs' witnesses to keep away from the trial, and not to appear as a witness for the plaintiffs. The constable was employed by the town to summon some of its witnesses, and to assist in the defence. His employment to summon witnesses for the defendant did not authorize him to try to keep the plaintiffs' witnesses away from the trial. His engagement to assist in the defence, must, until the contrary is shown, be presumed an engagement to render lawful assistance. While offering inducement to a witness for the plaintiffs to keep away from the trial, if his acts were authorized by the town, instead of rendering assistance to the town in making its defence, he was furnishing evidence in favor of the plaintiffs against the town. All authorized attempts of a party to suppress the testimony of the other party, are clearly admissible, and are evidence that in such party's own conviction his case will not bear full investigation. They show a consciousness in such party, of the weakness of his own cause. In order to be evidence against a party, such acts must be the acts of the party, either directly, or by authorization. If the plaintiffs had shown that these acts of the constable were either directly authorized, or before the trial approved by the agent of the town, they would have been admissible. A town can only act through agents, and it would be a hardship to hold it responsible for the acts of all its citizens whose zeal might happen to outrun their discretion. As the plaintiffs' testimony failed to connect the town with these indiscreet and foolish acts of the constable, if committed as offered to be shown, the court committed no error in excluding the offered testimony.

Judgment affirmed.