PAUL DESMARCHIER *v.* STEPHEN N. FROST.

October Term, 1916.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed January 18, 1917.

*Evidence—Inference Drawn by Witness—Negligence—Care Exercised after Accident—Res Ipsa Loquitur—Burden of Proof—Requests for Instructions—Substantial Compliance—Automobiles—Injuries Resulting from Unknown or Unforeseen Cause—Admission by Plaintiff that Defendant was not Negligent.*

In an action to recover for personal injuries sustained by plaintiff, a passenger for hire in defendant's automobile, by reason of the

alleged negligence of defendant in operating the car, where plaintiff, as a witness in his own behalf, was asked "what made the car go into the bridge?" and replied "careless," it was not error to strike out the answer, because it was nothing more than the witness' opinion or judgment, and, while the witness could properly be allowed to describe the defendant's driving, the inference to be drawn therefrom was for the jury.

In an action to recover for personal injuries, sustained by plaintiff, a passenger for hire in defendant's automobile, by reason of the alleged negligence of defendant in operating the same, evidence that defendant drove carefully after the accident has no tendency to show that he drove negligently at the time of the accident, and is not admissible.

The doctrine of *res ipsa loquitur* as applied in an action of tort for negligence does not affect the burden of proof, or transform the general issue into an affirmative defence, but merely determines the mode of proving the defendant's negligence and prescribes what shall be *prima facie* evidence thereof in the class of cases to which it applies; it shifts the burden of evidence but not of proof.

A party is only entitled to a substantial compliance with a request for an instruction which contains a sound proposition of law.

In an action to recover for personal injuries sustained by plaintiff, a passenger for hire, in defendant's automobile caused by the alleged negligence of defendant in operating the car, an instruction that if defendant was driving his automobile as a careful and prudent person would have done, under the circumstances, and if for some unknown or unforeseen reason it skidded or slewed, defendant would not be liable for the damage caused thereby, is not error.

In an action to recover for personal injuries sustained by plaintiff by reason of the alleged negligence of defendant, an instruction that if the jury should find that plaintiff, soon after the accident, or at any time, said that defendant was not negligent or not to blame for the injury, that would not prevent a recovery if as a matter of fact defendant was negligent and the case otherwise made out, is not error.

TORT FOR NEGLIGENCE. Plea, the general issue. Trial by jury at the March Term, 1916, Franklin County, *Slack,* J., presiding. Verdict and judgment for defendant. The plaintiff excepted.

The defendant was engaged in the business of running an

automobile livery and was employed by the plaintiff to carry him from St. Albans to Burlington. While on the journey the automobile suddenly left the central track of the highway and struck against the guard rail and posts of a bridge, in consequence whereof the plaintiff was injured. The evidence tended to show that the road for several rods on either side of the bridge was practically level and straight but at the bridge somewhat rounding; that there were no teams, cars or obstructions at the time in the highway; that the bridge was 17 feet wide over all and about 13 feet wide at the approach and on the travelled part; that there had been a frost the night before and at the time of the accident the road had thawed and become slippery; that the surface of the road was clay. The evidence also tended to show that the car "slewed" toward the side of the bridge at a point 12 or 15 feet before it arrived at the bridge.

There was evidence that automobiles sometimes skid without the fault of the driver; that the plaintiff admitted to the defendant on two occasions after the accident that the defendant was not to blame; that the car worked and ran properly up to the time of the collision with the guard rail and after the collision without any repairs being made thereon; that no trouble was found with the mechanical part of the car after the collision and that the parties continued their journey in the car to Burlington. It appeared that the defendant had driven the car for over seven thousand miles and was familiar with the road over which he was driving at the time in question. The rate of speed at which the car was being driven was in dispute, the witnesses testifying to speeds varying from 12 to 25 miles an hour.

*Elmer Johnson* for the plaintiff.

The testimony of the plaintiff that the car went into the bridge rail by reason of the carelessness of the defendants should have been allowed to stand. The plaintiff had an impression from what he saw and experienced, incapable of being otherwise described so as to enable anyone but an observer to form an intelligent opinion as to the cause of the collision. *Clifford* v. *Richardson*, 18 Vt. 620; *Bates* v. *Town of Sharon*, 45 Vt. 474; *Williams* v. *Norton*, 81 Vt. 1.

The facts and circumstances about which there was no dispute clearly brought the case within the maxim *res ipsa loquitur*

and raised a presumption of negligence of the defendant and cast upon the defendant the burden of producing evidence to rebut that presumption.

The rule is: Where the thing which causes the accident is exclusively controlled or managed by the carrier, and the accident is such as, in the ordinary course of events, does not happen if those who have the control and management use proper care, it affords reasonable evidence, in the absence of explanation by the carrier, that the accident arises from want of care. *Gilmore* v. *Brooklyn Heights R. Co.*, 6 App. Div. 117, 39 N. Y. Supp. 417; L. R. A. 1916 A, 930; 13 L. R. A. (N. S.) 601, note; 16 L. R. A. (N. S.) 527, note; 29 L. R. A. (N. S.) 808, note; *Houston* v. *Brush & Curtis*, 66 Vt. 343; *Boyce* v. *California Stage Co.*, 25 Cal. 460; *Farish* v. *Reigle*, 11 Gratt. 697, 62 Am. Rep. 666, note; *Stokes* v. *Saltonstall*, 13 Pet. 181, 10 L. ed. 181; *Ryan* v. *Gilmer*, 2 Mont. 517, 25 Am. Rep. 744.

*C. G. Austin & Sons* for the defendant.

The court did not err in striking out the answer of the plaintiff, because it was a conclusion of law and an opinion upon the question of the jury. Due care and proper conduct are questions for the jury and not the witness. *Cate* v. *Fife & Child*, 80 Vt. 404, 68 Atl. 1; *Jaquith Co.* v. *Shumway's Est.*, 80 Vt. 556, 69 Atl. 157; *Carpenter* v. *Town of Corinth*, 58 Vt. 214, 2 Atl. 170; *In re Blood's Will*, 62 Vt. 359, 19 Atl. 770; *Wilmington Savings Bank* v. *Waste*, 76 Vt. 331, 57 Atl. 241; *Fraser* v. *Tupper*, 29 Vt. 409; *Houston* v. *Brush & Curtis*, 66 Vt. 331; *Fadden* v. *McKinney et als.*, 87 Vt. 316, 89 Atl. 351; *Rogers* v. *Bigelow*, 96 Atl. 417; *Oakes* v. *Weston*, 45 Vt. 430; *Bemis* v. *C. V. R. R. Co.*, 58 Vt. 636, 3 Atl. 531; *Davis* v. *Fuller*, 12 Vt. 178, 38 Am. Dec. 334; *Moore* v. *Haviland*, 61 Vt. 58, 17 Atl. 725; *In re Esterbrook's Will*, 83 Vt. 229, 75 Atl. 1.

It was not error for the court to exclude evidence of the use of a higher degree of care after the accident. Precautions after an accident to prevent other accidents cannot be proved for the purpose of showing that they were needed at the time of the accident as an admission of negligence. *Shinners* v. *Proprietors of Lock & Canals on Merrimac River*, 12 L. R. A. 554; *Terre Haute & I. R. Co.* v. *Clem*, 7 L. R. A. 588; *Rainey* v. *St. J. &*

*L. C. R. R.,* 67 Vt. 594; *Clark* v. *Smith,* 72 Vt. 138; *Houston* v. *Brush,* 66 Vt. 331.

No presumption of negligence arises unless the thing which caused the accident was within the control of the carrier. Wigmore, § 2509; *Griffin* v. *Manice,* 166 N. Y. 188, 9 Am. Neg. Rep. 336, 5 L. R. A. 922; 82 Am. St. Rep. 630; *Chicago City R. Co.* v. *Rood,* 163 Ill. 477, 9 Am. Neg. Rep. 240, 54 Am. St. Rep. 478 (1896); *St. Louis & S. F. R. Co.* v. *Burrows,* 62 Kan. 89, 61 Pac. 439 (1900); *Dennis* v. *Pittsburg & C. S. R. Co.,* 165 Pa. St. 624, 10 Am. Neg. Cas. 205; *Spencer* v. *Chicago, M. & St. P. Co.,* 105 Wis. 311, 7 Am. Neg. Rep. 364; Note in 5 N. C. C. A., 3; *Sweeney* v. *Ewing,* 228 U. S. 233, 57 L. ed. 815, 33 Sup. Ct. 416.

The rule of *res ipsa loquitur* does not have the effect of shifting the burden of proof. It merely means that the facts of the occurrence warrant an inference of negligence, not that they compel such an inference, and when all the evidence is in, it is for the jury to determine whether the preponderance is with the plaintiff. It does not have the effect of converting the defendant's general issue to an affirmative defence. It has no application when the *res* could have happened without negligence. *Sweeney* v. *Ewing,* 228 U. S. 233, 57 L. ed. 815, 33 Sup. Ct. 416. *Gillick* v. *Del., L. & W. R. Co.,* 83 Misc. (N. Y.) 430; *Boyce* v. *California Stage Co.,* 25 Cal. 460, 9 Am. Neg. Cas. 66; *Ryan* v. *Gilmer,* 2 Mont. 517, 9 Am. Neg. Cases, 537, 25 Am. Rep. 744; *Farish* v. *Reigle,* 11 Dratt. 697 (Va.), 10 Am. Neg. Cases, 344, 62 Am. Dec. 666; *Stokes* v. *Saltonstall,* 13 Peters 181, 10 Law ed. 115; *Wing* v. *London General Omnibus Co.* (1909), 2 K. B., 652, 3 B. R. C. 79, 101 Law Times Rep. 411,78 L. J. K. B. 1063, 1 N. C. C. A. 135) note; *Hughes* v. *Atlantic City & S. R. Co.,* 89 Atl. 769; *Lindsay* v. *Conn. & P. R. R. Co.,* 27 Vt. 643.

This doctrine does not dispense with the rule that the party who alleges negligence must prove it, but on the contrary, it only determines the mode of proving it, or what be *prima facie* evidence of negligence in a certain class of cases. *Houston* v. *Brush & Curtis,* 66 Vt. 331; *Fearn* v. *West Jersey Ferry Co.,* (Pa.) 13 L. R. A. 366, 29 Cyc. pages 589, 590, 597-600; Notes 15 L. R. A. 33; 16 L. R. A. 261; Note 113 Am. St. Rep. 986.

POWERS, J. The plaintiff sues for personal injuries sustained while a passenger for hire in an automobile owned and

operated by the defendant. The verdict and judgment were for the defendant and the case comes here on the plaintiff's exceptions.

The plaintiff engaged the defendant to carry him from St. Albans to Burlington. It was in November and the ground had frozen the night before. When within a mile or two of the place of the accident, the defendant observed that the road was thawing out and getting muddy. As the car was running along on a straight, smooth, somewhat crowning piece of road and was just on the approach to a bridge, it struck a spot of slippery clay and "slewed" into the guard rail and side of the bridge, thereby causing the injuries here sued for.

When the plaintiff was on the stand as a witness in his own behalf, his counsel asked him, "What made the car go into the bridge-rail?" and he replied, "Careless." Upon the defendant's motion, this answer was stricken out, and the plaintiff excepted. This was not error. The answer was nothing more than the witness' opinion or judgment. As the court ruled, the witness could properly be allowed to describe the defendant's driving, showing what he did and what he failed to do; but the inference to be drawn therefrom was for the jury. 6 Thomp. Neg. 7747.

Walter English was in the car at the time of the accident. He was called as a witness by the plaintiff who offered to show by him that after the accident the defendant drove differently,— that he ran the car steadier, avoided the rough places, and drove safely. This was excluded and the plaintiff excepted. The testimony was inadmissible. The only significance that could be claimed for it is that it would tend to show that he drove carelessly before the accident. But subsequent repairs or precautions are not evidence of previous negligence. *Place* v. *Grand Trunk Ry. Co.*, 82 Vt. 43, 71 Atl. 836; *Duggan* v. *Heaphy*, 85 Vt. 515, 83 Atl. 726; *Columbia, etc., R. R. Co.* v. *Hawthorne*, 144 U. S. 202, 36 L. ed. 405, 12 Sup. Ct. 591.

That the defendant drove carefully after the accident had no tendency to show that he drove negligently at the time of the accident. Evidence of that fact was irrelevant. *Clark's Adm'r* v. *Hays & Smith*, 72 Vt. 138, 47 Atl. 391.

The plaintiff requested the court to charge as follows: "In the circumstances of this case the happening of the injury to the plaintiff, as disclosed by the evidence is *prima facie* evidence of negligence of the defendant, and, in the absence of any fault

of the plaintiff contributing to the injury, is sufficient to entitle the plaintiff to recover, unless the defendant has shown that he was not negligent.''

It seems to be admitted by counsel for the defendant that the doctrine of *res ipsa loquitur* was applicable to the case made by the evidence, and we therefore assume that it was.

The language of the request finds support in some of the books. But in any view of the matter, it was not necessary for the defendant to show that he was not negligent. The qualifying clause at the end vitiated the whole request and made it unsound. The doctrine of *res ipsa loquitur* does not affect the burden of proof or transform the general issue into an affirmative defence. *Houston* v. *Brush & Curtis,* 66 Vt. 331, 29 Atl. 380; *Holt* v. *Ten Broeck,* (Minn.) 159 N. W. 1073; *Sweeney* v. *Ewing,* 228 U. S. 233, 57 L. ed. 815, 33 Sup. Ct. 416, Ann. Cas. 1914 D, 905.

It merely determines the mode of proving the defendant's negligence and prescribes what shall be· *prima facie* evidence thereof in the class of cases to which it applies. It shifts the burden of evidence, but not of proof.

When the plaintiff took the exception now under discussion he explained the point of his request; but here again he insisted that the court should have told the jury that in the circumstances shown, the law raised a presumption of negligence. In order to be consistent with the request this statement must be interpreted as using the term ''presumption'' in its accurate legal sense, and the court no doubt so understood it and was justified in so understanding it.

The plaintiff also requested the court to charge the jury that ''it was the duty of the defendant to observe the general condition of the road; and if it was soft and slippery, and for that reason an accident more likely to occur, he should have driven and governed his automobile with that condition of the road in mind.'' This request embodies a sound proposition. The plaintiff was not, however, entitled to a literal compliance with it. All he was entitled to was a substantial compliance, and this he had, for the jury was instructed in effect that it was the duty of the defendant to exercise the care that a careful man would exercise in driving a car at the place of the accident, under all the conditions there existing. And the jury was admonished to consider, when they came to a determination of the question of

the defendant's negligence, "the width of the bridge, the width and condition of the highway at the point of the accident, the condition of the surface of the highway at that time,—whether it was slippery or not,—and all of the conditions and circumstances" disclosed by the evidence.

The court charged the jury that if the defendant was driving the car at the time of the accident as a careful and prudent person would have driven it, under the circumstances, and for some unknown or unforeseen reason it skidded or slewed, the defendant would not be liable. To this the plaintiff excepted. But the instruction amounts only to this: If the defendant was not negligent, he was not liable—a self-evident proposition in a negligence case.

The evidence of the defendant tended to show that on two occasions after the accident, the plaintiff made statements exonerating the defendant from any blame for the accident. The plaintiff denied making these statements. The court charged the jury regarding this matter as follows: "If you should find that the plaintiff, soon after the injury or at any time, said that the defendant was not negligent or not to blame for the injury, that would not prevent a recovery, if as a matter of fact the defendant was negligent, and the case otherwise made out." To this instruction the plaintiff excepted. Not only does it embody a sound proposition of law, but it is in the exact language of the plaintiff's request on the subject. The plaintiff now complains that the court did not make specific reference to the plaintiff's denial of the statements. But the instruction was expressly made conditional upon a finding. In more than one place in the charge this is brought out. And the jury was expressly instructed to consider the plaintiff's testimony on this subject. The plaintiff's contention is without merit.

*Affirmed.*