PEARL D. CHATFIELD *v.* ANDREW MORGAN.

November Term, 1924.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed January 15, 1926.

*Evidence—Materiality and Relevancy—Intimidation or Threats of Party as Admissions—Witnesses—Redirect Examination —Verdict—Prejudicial Error Must Affirmatively Appear.*

1. In action of tort for injuries by collision between plaintiff's wagon and defendant's automobile, letter which evidence tended to show was written and sent by defendant to plaintiff, threatening him with dire consequences unless suit was discontinued, *held* admissible over objection of immateriality.

2. Expressions of party to a suit charged with wrongdoing, relating to the suit, showing hostility, or conduct inconsistent with innocence, are always admissible against him.

3. Declarations of party to a suit showing a purpose to intimidate, or by threats or other reprehensible means to prevent a fair trial, or declarations tending to show consciousness of guilt, are both material and relevant, being in the nature of admissions from which an inference may be drawn tending to show false or fraudulent nature of his claim or defense.

4. In action of tort for personal injuries received in collision with defendant's automobile, redirect examination of plaintiff as to reason for starting suit so soon after accident, and his explanation that it was to prevent defendant from putting attachable property out of his possession, *held* admissible to rebut inference sought to be drawn from plaintiff's cross-examination that his injuries were less than had been depicted in his direct examination, because inconsistent with his conduct during time after accident in climbing a flight of stairs to engage an attorney.

5. In such action, verdict for plaintiff being general, it will not be assumed that claimed improper item of damages submitted to jury was included in verdict, where other items established by evidence would equal, if not exceed, full amount of verdict, but such fact must affirmatively appear to constitute reversible error.

ACTION OF TORT for personal injuries. Plea, general issue. Trial by jury at the November Term, 1924, Orange County, *Willcox, J.,* presiding. Verdict and judgment for plaintiff. The defendant excepted. The opinion states the case. *Affirmed.*

*Porter, Witters & Longmoore* for the defendant.

*John C. Sherburne* for the plaintiff.

BUTLER, J. The plaintiff seeks to recover damages for personal injuries and for injuries to his wagon, resulting from a collision between the automobile of the defendant which he was driving, and the wagon of plaintiff in which he was riding. The accident occurred on May 27, 1924. The writ was dated May 28, 1924. Trial by jury the following November Term of Orange county court. Verdict and judgment for the plaintiff. Exceptions by defendant.

In course of the trial, the plaintiff introduced in evidence a letter and envelope received by him by mail on October 22, 1924. The envelope was postmarked "Randolph, Oct. 21, 1924," and was addressed "Parl Shackfield, Randolph Vt." The letter reads as follows: "Railston Vt. Oct. 21, 1924, Mr. Shckfield Sir this is to notify you that it is best for you to Drop your Soute agant Morgan and Settle Faire with him if not you will walk the same road as Dane Howe hase. Be warned and heed this warning. from K.K.K." Prior to the date of this letter had occurred the death of one Dan Howe, a former deputy sheriff who served the writ in this case to whom it was claimed the letter referred.

The defendant, having testified as a witness in his own behalf as to how the accident occurred, claiming that it was without his fault, on cross-examination by plaintiff, the letter being shown to him, denied that he wrote it or had any knowledge in respect to it. In rebuttal, after showing when the letter was received by the plaintiff, that it was in defendant's handwriting, and properly identifying it, the plaintiff offered it in evidence. The defendant objected to its admission solely on the ground that it was immaterial. It was received and defendant allowed an exception.

[1-3] If this letter was the product of the defendant, which was for the jury to say, its materiality and relevancy is

obvious. The defendant was charged with negligence in the operation of his automobile causing the injury and the trial was approaching. Expressions of a party charged with wrongdoing, relating to the suit, showing hostility or conduct inconsistent with innocence are always admissible against him. Declarations of a party showing a purpose to intimidate, or by threats or other reprehensible means to prevent a fair trial or declarations tending to show consciousness of guilt, are in the nature of admissions from which an inference may be drawn which has a tendency to show the false or fraudulent nature of his claim or defense, and as such are both material and relevant. *Green* v. *Town of Woodbury*, 48 Vt. 5; *Maynard* v. *Bailey*, 85 W. Va. 679, 102 S. E. 480, 9 A. L. R. 981; 2 Wig. on Ev., § 1052; *Snell* v. *Bray*, 56 Wis. 156, 14 N. W. 14. See note, 38 A. L. R. 596.

That the letter in question contains a most vicious threat and warning of consequences calculated to put the plaintiff in fear and .prevent a fair trial by the use of unlawful means, is too apparent to require comment. That it related to the matter in controversy between the plaintiff and defendant and indicated such a purpose is equally apparent. There was no error in the ruling.

The second exception is to the redirect examination of the plaintiff as to the reason given why he started the suit so soon after the accident. He testified that it was to prevent the defendant from putting the automobile, which he caused to be attached on the writ, out of his possession.

[4] It is argued, in effect, that the entire cross-examination upon that subject was to refute the claim of the plaintiff as to his ability to get about, and his suffering intense pain during the period following the accident, by showing that during the time, he climbed a flight of stairs to engage an attorney.

Manifestly, if such was the purpose, the motive which impelled the effort and inconvenience to climb the stairs and engage an attorney to bring suit so soon after the accident, notwithstanding his disability, was proper. The explanation tended to rebut the inference sought by the cross-examiner that his injuries were less than had been depicted in his direct testimony because inconsistent with his conduct. The ruling was without error.

[5] The only other exception relied upon by the defendant relates to the submission of the question of damages by reason

of the plaintiff's inability, by reason of his injuries, to care for his pigs and sows properly. The ground of the exception was that such damages were too remote and speculative. It is unnecessary to consider whether there was error in the charge on this subject, for it is not made to appear that the defendant's rights have been prejudiced thereby. The verdict was general. Other items established by the evidence would equal, if not exceed, the full amount of the verdict. We held in *Hill* v. *Bedell*, 98 Vt. 82, 126 Atl. 493, that it would not be assumed in such circumstances that the questioned item was included in the verdict, but that to constitute reversible error, that fact must affirmatively appear. *State* v. *Williams*, 94 Vt. 423, 111 Atl. 701; *State* v. *Pilver*, 91 Vt. 310, 100 Atl. 674.

*Judgment affirmed.*