184 So. 285

### GREENWOOD v. BAILEY.

### 7 Div. 390.

Court of Appeals of Alabama.

Nov. 1, 1938.

Haralson & Crawford, of Fort Payne, for appellant.

Scott & Dawson and C. A. Wolfes, all of Fort Payne, for appellee.

RICE, Judge.

This was a suit by appellee under the provisions of Code 1923, § 5696, seeking to recover damages for the death of her intestate John B. Bailey, caused by his being run over or against by an automobile driven by appellant.

The appellant, represented by able counsel, presents but two questions for our consideration.

The evidence against him, while circumstantial, is tacitly admitted to be sufficient to carry the issues to the jury—and to support the verdict returned.

Deceased was struck down by an automobile, driven by someone, as he was walking along Gault Avenue in the City of Ft. Payne. A short time after he was struck, appellant drove his car to the scene of the accident, coming from the opposite direction from that in which the car was going that struck deceased.

Appellant drove up to the scene of the accident and stopped his car.

A witness was allowed to testify, over appellant's objection—due exception being reserved—that when appellant so stopped his car, a lady across the street, in hearing of appellant and witness, exclaimed: "There's the car that struck Mr. Bailey;" and that immediately upon this exclamation appellant, without making any reply, "just threw the (his) car in gear and pulled out down the road coming towards town."

We think the testimony in question was admissible "not as evidence of the truth of the facts stated, but to show accused's admission by silence," as well as by flight. 16 C.J. 631; Vaughn et al. v. State, 130 Ala. 18; 30 So. 669.

As for the argument for error in the refusal of the court to declare a mistrial because of the statement of plaintiff's (appellee's) counsel, in his argument to the jury that "the officers would do anything they could to keep Mr. Greenwood from 'tom catting' around over town," we have to say that we think the action of the court in excluding said statement from the jury was all that was requisite.

The smallness of the verdict returned ($500) is proof to us that said remark could not have worked prejudice to appellant that was not eradicated by the action of the court.

We find no error in any matter urged upon our consideration; and the judgment is affirmed.

Affirmed.