**GREEN, Plaintiff-Appellant, v. DRUNGOLD, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4331. Decided February 6, 1950.

James F. Little, Charles Saunders, Columbus, for plaintiff-appellant.

Frank C. Shearer, Columbus, for defendant-appellant.

### OPINION
By HORNBECK, J.

The appeal on questions of law is from a judgment in behalf of the defendant entered upon a verdict of a jury.

The action was for damages predicated upon three causes of action: (1) Assault with intent to rape; (2) Assault and battery; (3) False imprisonment.

The answer was a general denial of the averments of all three causes of action and a special defense of self defense.

The trial judge, at the conclusion of plaintiff's case, on motion of defendant, withdrew the first cause of action from the consideration of the jury. Motion for new trial was filed and overruled.

The first assignment of error is directed to the admission over the objections of counsel for the plaintiff of answers to certain questions propounded to the witness, Anna Green, mother of plaintiff. The first question was, "Were you arrested or told to come in with your daughter at which time you were charged with resisting an officer or interfering with an officer when she had an accident on 18th Street in October, 1946, when she lived at 448?" The second question, "Did your daughter go to Boston voluntarily, or did the family find it necessary to send her to Boston?" The first answer to the question was, "No, sir," and after considerable colloquy between the court and respective counsel this question was put and answer made: Mr. Sidell, counsel for plaintiff, "Now, will you answer the questions and not argue, please?" The answer was, "Yes, sir." As we interpret the record, the only answer respecting the arrest was, "No, sir." Manifestly, such an answer could not have been probative against the plaintiff upon any issue presented, and therefore is not the proper subject of an assignment of error.

The second assignment is that the court erred in removing the first cause of action from the consideration of the jury. This was a charge of assault with intent to rape. Upon this question, the only testimony which could be related to its proof, is the statement of the plaintiff of what occurred prior to and at the time she claims to have been assaulted. She said that she and the defendant had left the barroom, walked upstairs to the first floor and through the reception hall to the outer front door, that she had her hand on the latch of the door intending to leave. The defendant coming up behind her, she said, "Well, I will see you," and he says, "Come on and go upstairs," and I said, "No, we have known each other for a long time, let it remain as it is, and I will have to go," and I had just pressed down, turned around and said, "I will have to go," when he struck me.

There is no other testimony from which it may be inferred that the defendant had a purpose to rape the plaintiff.

To have permitted the jury to consider this testimony and

draw the conclusion that it tended to establish all the material elements of assault with intent to rape would have been conjecture. The court did not err in taking the first cause of action from the jury.

The third assignment is directed to certain language in the charge of the court:

"Members of the jury, statements that were made by counsel for the respective parties to this lawsuit, either during their opening statements, or during the progress of the trial, during which time the evidence was adduced, or during the argument, are not to be considered by you as evidence, unless the statements which they have made coincide with the evidence as you find it."

This language was inadvertent and bears the interpretation that under certain conditions the statements of counsel could be considered as evidence. However, we are satisfied that upon the record, this statement of the trial judge could not have been prejudicial to the plaintiff; especially is this true because we do not have the opening statements of counsel or the arguments.

It is further urged that the court erred in defining assault and battery as, "Now assault and battery is defined, members of the jury, as striking and hitting of one person of another." This is not the correct technical definition of assault and battery, but in view of the development of the respective theories of the parties which we hereinafter discuss, it could not have been prejudicial to the plaintiff. As a matter of fact, it is more favorable to her than the definition would have been had "assault and battery" been qualified as an unlawful striking or touching of another. Objection is also made to the charge of the court on page 280, wherein, among other things, it is said that the law permits "him (the defendant) to use such force as is necessary to resist the assault made upon him." Ordinarily it is stated that the defendant may use such force as is reasonably necessary to resist the assault made upon him. However, in another sentence the court said to the jury that the defendant had the right to use such force as a reasonably prudent man would have used under the same circumstances. The charge of self defense, in its entirety, was a correct exposition of the law.

The fourth and last assignment of error is that the verdict and judgment are contrary to the manifest weight of the evidence. Attention is directed to certain testimony of defendant wherein he gave different versions of what occurred when the plaintiff came to the door of his residence and was admitted. Manifestly, such discrepancies were proper to be

considered by the jury as related to the credibility of defendant, but in and of themselves would not afford sufficient reason for reversing the judgment.

Upon this record, the issues between the parties are developed and fully covered by the evidence. Upon the testimony of the plaintiff the defendant assaulted her viciously without any just reason. Upon the testimony of the defendant, he did not assault her at all; she was the aggressor and he used no excessive force whatever but merely held one arm to restrain her.

One of the most material points in controversy was the time, place and manner in which the plaintiff suffered the injury above her right eye, resulting in its swelling shut. If it appeared that she received this injury before the police officers, who were called by the defendant, arrived at his home, it would have greatly strengthened her claim that he assaulted her. That the injury was so received has no support from any witness other than the plaintiff. On the contrary, the defendant and four police officers testified that the plaintiff had no visible signs of the injury at the time when she was removed from defendant's home. Obviously, the jury accepted the version of defendant and his witnesses of the occurrence and there could have been no question here of disproportionate use of force because if he did only that to which he testified there was no excessive force used by him and no assault upon the plaintiff. So that, any minor errors that may have occurred in the charge of the court or upon rulings as to the admission of evidence, upon the sharp difference of testimony on the whole record, could not have unfavorably affected the rights of the plaintiff in the verdict returned.

Testimony as to the general reputation of plaintiff offered in her behalf and as to certain arrests permitted to be testified to by defendant's witnesses was improperly admitted. However, no objection was made to the testimony of plaintiff and although in instances objection was made to the statements of defendant's witnesses, others were permitted to testify to the same subject matter without objection.

It does not appear that the plaintiff was prejudiced in any of the particulars set out in her assignments of error.

The judgment will be affirmed.

MILLER, PJ, and WISEMAN, J, concur.